UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>     v.<br>JOLENE FRANCES ALECK,<br><br>                     Defendant. | Case No. 3:16-cr-00065-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Defendant Jolene Frances Aleck is indicted on one count of embezzlement and theft from an Indian tribal organization in violation of 18 U.S.C § 1163. (ECF No. 1.) Bureau of Indian Affairs ("BIA") Special Agent Marla "Molly" Hernandez ("Hernandez") conducted the investigation that ultimately led to the indictment and is expected to be a necessary witness for the government. (ECF No. 22.) Hernandez resigned her employment with the BIA effective January 2017. (*Id.* at 2-3.)

Before the Court is Defendant's Motion for Hearing and Motion to Inspect and Produce Files of Federal Law Enforcement Agents and Officers ("Defendant's Motion"). (ECF No. 21.) Defendant's Motion asks the Court to direct the government to inspect the personnel files of all law enforcement officers who the government intends to call as witnesses and produce *Brady/Giglio* information, and to provide the files to the Court for in camera review to the extent the government is uncertain as to whether materials should be disclosed. This part of Defendant's Motion is denied without prejudice because Defendant does not present a dispute that the government has not complied with its

obligations under *Brady/Giglio.* Defendant's Motion also asks the Court to review Hernandez's personnel file, particularly documents relating to the end of her employment. After Defendant filed her Motion, on May 19, 2017, the government filed an Ex-Parte Motion Requesting an *In Camera* Review of *Giglio/Henthorn* in Terms of any Disclosure Obligations ("Government's Motion"), asking the Court to conduct an in camera review of potential *Giglio/Henthorn* materials in reference to Hernandez. (ECF No. 22.) The Court grants the Government's Motion and has conducted the requested review under *United States v. Henthorn,* 931 F.2d 29 (1990) as detailed below.[1]

Accordingly, the part of Defendant's Motion asking the Court to conduct a similar review is denied as moot.

For the reasons discussed below, the Court finds that the materials in Hernandez's personnel file that were submitted to the Court for in camera inspection fall within the government's disclosure obligations and directs the government to produce the same to Defendant.

## II.   MATERIALS REVIEWED

The Government's Motion provides a summary of the information it received from the BIA in response to its request for *Giglio/Henthorn* materials. (ECF No. 22 at 2.) The BIA's response consists of a memo and an email identifying five personnel incidents relating to Hernandez:



---

[1] In *Henthorn*, the Ninth Circuit Court of Appeals clarified that the government has an obligation to examine the files of testifying law enforcement officers and must "disclose information favorable to the defense that meets the appropriate standard of materiality." *Henthorn,* 931 F.2d at 30-31 (quoting *United States v. Cadet,* 727 F.2d 1453, 1467-68 (9th Cir. 1984). Where the government is uncertain, it may submit the material to the court for an in camera review. *Id.*

2

(ECF No. 22-1 (Exhibit A to the Government's Motion).) In response to the Court's order for the government to submit the materials relating to these incidents, the government filed a DVD under seal. (ECF No. 27.) In response to a second order from the Court, government supplemented its filing to clarify that it does not possess any additional documents relating to the 2016 incident referenced in the Government's Motion. (ECF Nos. 28, 29.) The Court has reviewed these materials.

### III.   REVIEW UNDER HENTHORN

Under the Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a prosecutor must disclose evidence that is "material either to guilt or to punishment." In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Supreme Court extended *Brady*'s disclosure requirement to evidence that may impeach a government witness. Materiality—whether the evidence "would have created a reasonable probability of a different result"—is the standard for disclosure. *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)) (internal quotation marks omitted). Potential impeachment evidence is material because, "if disclosed and used effectively, it may make the difference between conviction and acquittal." *Id.* (quoting *United States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993)). This legal system tests witness veracity through cross-examination, which is why impeachment evidence must be timely revealed. *United States v. Price*, 566 F.3d 900, 912 (9th Cir. 2009).

Federal Rule of Evidence 608(b) provides that "specific instances" of a witness's prior conduct may be admissible in the court's discretion, "if they are probative of the character for truthfulness or untruthfulness." *Id.* (citing *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984)). "*Brady* requires that such material be turned over to the defense." *Id.* (citing *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984)). At this stage, the question is whether impeachment information is discoverable—not whether it will be ultimately admissible or admitted—and defendants should be permitted opportunities to review the potential impeachment evidence and argue its admissibility.

1 | Having reviewed the government's submission in camera, the Court finds that the
2 | materials submitted may be considered impeachment materials subject to disclosure.

17 | "Evidence . . . offered to cast doubt on the testimony of [an investigating]
18 | officer[] and the evidence [she] helped to collect [is] about as textbook an example of
19 | impeachment evidence as there could be." *United States v. Robinson*, 627 F.3d 941, 949
20 | (4th Cir. 2010).

21 | The Court did give consideration to directing disclosures of selected documents in
22 | the materials provided by the government. However, under the circumstances here,
23 | selective disclosures may distort some of the events and would not provide Defendant

---

[2] 

[3] The DVD contains five main files. The citations to the DVD reference the name of each particular file (i.e. "05-011"), and where appropriate, the page number of the pdf document.

4

with the full context of Hernandez's alleged conduct as a law enforcement officer for impeachment purposes.[4]

### IV. CONCLUSION

It is therefore ordered that Defendant's Motion for Hearing and Motion to Inspect and Produce Files of Federal Law Enforcement Agents and Officers (ECF No. 21) is denied.

It is further ordered that the government's Ex-Parte Motion Requesting an *In Camera* Review of *Giglio/Henthorn* in Terms of any Disclosure Obligations (ECF No. 22) is granted. The Court concludes that the materials in Hernandez's personnel file that were submitted for to the Court for in camera review as found in (ECF Nos. 27 and 29) fall within the government's disclosure obligations and directs the government to produce the same to Defendant. Because these materials are confidential personnel documents, they will be treated as confidential by counsel. The parties are directed to confer as to their proper and public use at trial, although the Court notes that this Order does not address admissibility of these materials.

Because this Order references confidential materials in Hernandez's personnel file, the Court will seal the Order and file a redacted version of the Order. Within (thirty) 30 days from this Order, the government is directed to show cause as to why the Court should not unseal this Order. Defendant will have fourteen (14) days to file a response.

DATED THIS 20th day of July 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4] [redacted]