UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>JOLENE FRANCES ALECK,<br><br>Defendant. | Case No. 3:16-cr-00065-MMD-VPC<br><br>AMENDED ORDER[1] |

**I.   SUMMARY**

Before the Court is the government's Motion to Reconsider ("Motion for Reconsideration") (ECF No. 40) and Defendant Jolene Aleck's Motion to Compel Compliance with the Court's Order Docketed at ECF 31 ("Motion to Compel") (ECF No. 44). The Court has reviewed the government's reply (ECF No. 49),[2] Defendant's response (ECF Nos. 46, 48[3]), and the parties' additional filings (ECF Nos. 60, 61, 62, 63). The Court heard oral argument on the motions on October 12, 2017. (ECF Nos. 58, 59.)

For the reasons discussed below, the Court denies the government's Motion for Reconsideration and grants Defendant's Motion to Compel.

**II.   BACKGROUND**

An indictment was issued in this case on October 5, 2016, charging Defendant with one count of embezzlement and theft from an Indian Tribal Organization under 18

---

[1] The original order was amended to correct a typo.
[2] The government did not file a response to the Motion to Compel.
[3] Defendant filed an errata to clarify an ambiguity in her response.

U.S.C. § 1163. (ECF No. 1.) A superseding indictment was filed on October 11, 2017, charging Defendant with five counts of embezzlement and theft from an Indian Tribal Organization under 18 U.S.C. § 1163 and one count of money laundering under 18 U.S.C. § 1344(b). (ECF No. 55 at 1-3.) The superseding indictment also contains an allegation for forfeiture pursuant to 18 U.S.C. § 982(a)(1). (*Id.* at 3-4.) The alleged embezzlement occurred from about May 12, 2016, to June 3, 2016. (*Id.* at 1-3.)

On May 5, 2017, Defendant moved for an order requiring the government "to inspect the personnel files of its law enforcement witnesses and produce all material favorable to the defense and for . . . impeachment materials related to [Bureau of Indian Affairs ("BIA")] Agent Marla Hernandez" pursuant to *Brady v Maryland*, 373 U.S. 83 (1963), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) ("Defendant's Motion"). (ECF No. 21 at 1.) Specifically, Defendant requested documents that "reveal instances if not a pattern of performance-related issues that bear directly on the integrity of the investigation in this case[.]" (*Id.* at 3.) The government then filed an Ex-Parte [*sic*] Motion Requesting an *In Camera* Review of *Giglio*/*Henthorn* Material in Terms of any Disclosure Obligations as they related to Hernandez (ECF No. 22).[4] In the Court's order resolving these two motions, the Court found that the materials in Hernandez's Personnel File fell within the government's disclosure obligations under *Henthorn* and directed the government to produce the materials to Defendant. (ECF No. 31 at 2.) Based on that ruling, the Court denied Defendant's Motion as moot. (*Id.*)

The government subsequently filed a Motion to Reconsider, in which it informed the Court that it had decided as a matter of prosecutorial discretion not to call Hernandez to testify at trial. (ECF No. 40 at 2.) Because *Henthorn's* disclosure obligations ensue from *Brady*/*Giglio* evidence relating to *testifying* witnesses, the government reasoned that the

///

---

[4]To be clear, the materials that the government submitted for *in camera* review do not comprise of the entire universe of Hernandez's personnel file. The materials relate to five personnel incidents ("Hernandez's Personnel File") (ECF No. 31 at 2) and were provided by the government as "potential *Giglio/Hernthorn* material in reference to SA Hernandez" (ECF No. 22 at 2).

portion of the Court's order directing it to produce Hernandez's Personnel File is no longer applicable. (*Id.*) Defendant has also filed a motion to compel the production of Hernandez's Personnel File in compliance with the Court's order. (ECF No. 44.)

### III. MOTION FOR RECONSIDERATION (ECF No. 40)

In light of the government's contention that it no longer plans to call Hernandez to testify, the Court is presented with a change in facts warranting reconsideration of its prior order. *See Ramser v. Laielli*, No. 15-CV-2018-CAB-DHB, 2017 WL 3524879, at *2 (S.D. Cal. Aug. 15, 2017) ("[a] litigant should not shy from bringing to the Court's attention changes in facts and circumstances that render a ruling no longer logical") (quoting *Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3-4 (S.D. Cal. Apr. 10, 2007)); *see also Snyder v Dep't of Defense*, No. C-03-4992 VRW, 2005 WL 1796228, at *2 (N.D. Cal. July 27, 2005) (holding that the court would not grant plaintiff leave to file a motion for reconsideration where the plaintiff failed to posit a material change in fact or law subsequent to the court's order). This change in facts similarly affects the Court's consideration of Defendant's Motion, which argues that Hernandez's personnel materials must be disclosed under *Brady.* Thus, because Hernandez's Personnel File is no longer discoverable pursuant to *Henthorn*, the Court must resolve the remaining issue of whether *Brady* alone requires the disclosure of Hernandez's Personnel File. The Court finds that it does.

#### A. *Brady* Obligations

Under *Brady*, the government has a duty to disclose evidence favorable to the accused that is material to her guilt or punishment irrespective of good or bad faith on the part of the prosecution. *Brady*, 373 U.S. at 87-88. Whether a piece of evidence is material turns on whether there is a reasonable probability—a probability that is "sufficient to undermine confidence in the outcome"—that, had the evidence been disclosed to the defense, the result would have been different. *United States v. Bagley*, 473 U.S. 667, 682 (1985). Moreover, "[e]ven in the absence of a specific request, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt

about the defendant's guilt." *California v. Trombetta*, 467 U.S. 479, 485 (1984) (citing *United States v Agurs*, 427 U.S. 97, 112 (1976)). Evidence is material not only when it tends to exculpate a defendant or reduce the penalty of her punishment but also where it enables a defendant to put on an effective defense. *See id.* at 486 (citing *United States v. Lovasco*, 431 U.S. 783 (1977) and *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)). The question, therefore, is whether failure to provide Defendant with Hernandez's Personnel File will hamper her ability to put on a meaningful defense.

### B. Defendant's Proposed Defenses

Defendant proffers three defenses related to the integrity of the investigation—Hernandez's bias, lack of ethics or integrity, and lack of credibility. (ECF No. 46 at 5; ECF No. 58.) Because Defendant is entitled to effectively attack Hernandez's investigation, she argues that Hernandez's Personnel File must be disclosed. The Court agrees but finds that only two of Defendant's proposed defenses require disclosure of Hernandez's Personnel File.

As to Defendant's first defense, Defendant contends because Hernandez was hired by the Pyramid Lake Paiute Tribe ("the Tribe") soon after the Indictment was filed in this case "she may have exploited information or relationships during Aleck's investigation for personal gain" and therefore may have been biased in favor of the Tribe during the investigation. (ECF No. 46 at 4.) In particular, Defendant argues that because "[Hernandez] was either applying to the [ ] Tribe at the time she was investigating this case, laying the groundwork for an application, or considering the application," and because "[t]here is no better way to secure an interview or impress a future employer than to serve their interests before a job is offered," Hernandez's bias permeated each investigative choice she made, infecting the "quality, character, and integrity of the investigation." (ECF No. 46 at 4.) However, nothing in Hernandez's Personnel File would supplement or inform this defense. The materials in Hernandez's Personnel File concern conduct that occurred while Hernandez was employed by the BIA, primarily resulting from events occurring roughly ten years ago, and do not offer any evidence of Hernandez's

purported actions during the investigation of Defendant or insight into her intention or plan to work for the Tribe.

As to Defendant's second defense, Defendant argues that because Hernandez was the "architect of the entire prosecution"—she coordinated the investigation, collected all the evidence, interacted with and interviewed the witnesses against Aleck, and ultimately recommended prosecution—any evidence concerning Hernandez's ethics or integrity is material to evidence of Defendant's intent. (*See* ECF No. 46 at 5-6; ECF Nos. 58, 59.) The Court agrees and finds that any information relating to Hernandez's integrity and ethics as a law enforcement officer is material to assist in the attack on the integrity of the investigation. *See Kyles v. Whitley*, 514 U.S. 419, 449 n. 19 (1995) (stating that various pieces of evidence would have enabled the defendant to attack the integrity of the investigation, such as evidence undermining the "process by which the police gathered evidence and assembled the case"). ████████████████████████████████████████████████████████████████ (ECF No. 30 at 5.)[5] These facts coupled with Defendant's contention that Hernandez may have prompted witnesses with leading questions in interviews conducted during the investigation persuade the Court that Hernandez's Personnel File may enable Defendant to present an effective defense in attacking the integrity of the investigation. The ability to undermine the process of the investigation may introduce reasonable doubt as to whether witnesses testifying against Defendant were influenced by Hernandez's actions.

Finally, and as to Defendant's third defense, Defendant argues because Hernandez was the agent who memorialized Aleck's interview, if any of Aleck's statements are used at trial then the accuracy of Hernandez's memorialization, and thus

---

[5]This reference to sensitive personnel information will be redacted in the unsealed version of this order.

Hernandez's credibility as an investigator, will be at issue. (*See* ECF No. 46 at 5.) As Defendant noted at the October 12th hearing, the issue in this case is whether Aleck had the requisite intent for the crime of embezzlement—that is, whether she "knowingly" stole money from the Tribe. Defendant contends that the statements in Hernandez's memorialization of her interview of Defendant (ECF No. 60-1) are not accurate, therefore any evidence going to Hernandez's credibility as an investigator would be material to advancing a defense attacking the integrity of the investigation. (ECF No. 59.) Moreover, the Court's previous order determined that Hernandez's Personnel File shed light on her credibility.[6] (ECF No. 31.) The government's contention that Defendant may not call Hernandez for the sole purpose of impeaching her is correct if Defendant's primary purpose of calling her is to impeach her credibility as a testifying witness with otherwise inadmissible evidence. *See United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995) (citing *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (a party must not "knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony")) (internal quotation marks and citation omitted). However, it is Hernandez's credibility in her investigative role that is at issue and not her credibility as a testifying witness, and at this stage of the case the Court is not required to consider the admissibility of Hernandez's Personnel File. Hence, if impeachment were to occur at trial through the use of information contained in Hernandez's Personnel File, it would likely go to the weight of Hernandez's prior memorialization of witness statements and not her testimony on the stand. The government's statement that "Hernandez may have been a less-than-exemplary employee of BIA and may not have met BIA standards of conduct in other cases" does, in fact, create "a potential impeachment issue if she testifies in this

---

[6]To the extent the government takes issue with Defendant's failure to specify how Hernandez's alleged impropriety relates to her personnel information other than through "vague, non-specific representations" (ECF No. 49 at 2), the Court finds its previous order indicating the existence of impeachment evidence gives Defendant sufficient grounds to request this material under *Brady*. (ECF No. 31.) Moreover, given defense counsel's obligation to provide effective representation under the Sixth Amendment, it was appropriate to request Hernandez's Personnel File even if defense counsel is unaware of how the personnel matters in them specifically relate to the investigation of Defendant.

case" insofar as it relates to her previous role as an investigator. (ECF No. 49 at 3.) Because Defendant proposes to call Hernandez, and Defendant is permitted to attack the credibility of her own witness if she so chooses, the Court finds that Hernandez's Personnel File is discoverable under *Brady*.

IV. **MOTION TO COMPEL (ECF No. 44)**

Given the Court's ruling that Hernandez's Personnel File is discoverable pursuant to *Brady*, the Court grants Defendant's Motion to Compel. To ensure that Defendant has the materials that the Court has reviewed relating to the incident that immediately preceded Hernandez's resignation, the government is ordered to produce a copy of the June 8, 2017, email exchange filed under seal as ECF No. 29-1, and the October 13, 2017, letter filed under seal ECF No. 62-1. The government, however, may redact the last sentence in the main paragraph of the June 8, 2017, email from Mr. Bryant that begins with "My supervisor . . ." since that sentence conveys information unrelated to this case.

V. **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that the government's Motion for Reconsideration (ECF No. 40) is denied.

It is further ordered that Defendant's Motion to Compel (ECF No. 44) is granted.

The Court's previous order directing confidential treatment of Hernandez's personnel materials remains in effect. (ECF No. 31 at 5.)

DATED THIS 25th day of October 2017

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE